UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Terry Brown, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:15-4167-HMH-TER |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Bryan P. Stirling (Director of SCDC), and | ) | |
| Rickie Bellinger (Director of SCDC Transfer | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

This is a civil action filed *pro se* by an inmate currently incarcerated in Virginia. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

BACKGROUND

In his Complaint, Plaintiff indicates that he is currently incarcerated in Red Onion State Prison in Virginia after being transferred there from the South Carolina Department of Corrections. Plaintiff complains that his transfer to a Virginia institution has resulted in him being separated from his family, and also his inmate friends in South Carolina. Plaintiff feels that his transfer has had some "stigmatizing consequences" which he believes amount to a major change in his conditions of confinement. Plaintiff requests that an injunction ordering his transfer back to the South Carolina Department of Corrections be entered.

1

STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of

Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996,

and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v.

Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*,

*Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983);

*Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys,

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a

*pro se* complaint, the Plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.

3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean

that this court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th

Cir. 1990). Even under this less stringent standard, the complaint filed in this case is subject to

partial summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

**DISCUSSION**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action

for constitutional violations by persons acting under color of state law. Section 1983 " 'is not itself

a source of substantive rights,' but merely provides 'a method for vindicating federal rights

2

elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

> Section 1983 provides, in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

42 U.S.C. § 1983.  To establish a claim under § 1983, a Plaintiff must prove two elements: (1) that the Defendant "deprived [the Plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the Plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir.2001) (third alteration in original) (citation and internal quotation marks omitted).

Prisoners have no constitutional right to be housed in a particular prison or even a particular state. *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (*1983)* ("Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State.")( *abrogated on other grounds*, *Sandin v. Connor*, 515 U.S. 2293,  483–84 & n. 5, 115 S.Ct. 2293; *see also Meachum v. Fano*, 427 U.S. 215, 224–25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). The Supreme Court has held that convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to

another. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) ("The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons."); *Montanye v. Haymes*, 427 U.S. 236, 243, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). Accordingly, "an interstate prison transfer ... does not deprive an inmate of any liberty interest protected by the Due Process Clause in and of itself." *Ohm*, 461 U.S. at 248; *see also Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir.1985) ("An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another."); *Garibay v. Dep't of Corrections and Rehabilition*, 2010 WL 1192356 at *1 (9th Cir.2010) (unpublished) ("California law authorizing interstate transfer of inmates to alleviate overcrowding does not create an 'atypical and significant hardship' implicating an inmate's liberty interest under the Due Process Clause.") (*quoting Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).

Plaintiff indicates that his transfer to an out-of-state facility has made it more difficult for him to maintain contact with family members and continue his rehabilitative efforts. The Supreme Court rejected these arguments in *Olim*, concluding that such hardships did not rise to the level of a constitutional interest. *See Olim*, 461 U.S. at 248 n. 9 (listing "separation of the inmate from home and family, separation from inmate friends, placement in a new and possibly hostile environment, difficulty in making contact with counsel, and interruption of educational and rehabilitative programs"). Nor does Eighth Amendment and its proscription against cruel and unusual punishment turn Plaintiff's claim into a valid one. *See, e.g., Sisbarro v. Massachusetts State Penitentiary*, 592 F.2d 1, 4–5 (1st Cir.1979) (holding that interstate transfers "are neither unusual nor cruel in the

4

constitutional sense" (internal quotation omitted)); *see also Marroquin v. Cate*, Case No. C–11–4535

SBA (PR), 2013 WL 451405, at \*2 (N.D.Cal. Feb.5, 2013) ("[T]ransfers from one prison to another

do not per se violate the Eighth Amendment.").

As the factual allegations in Plaintiff's complaint fail to state a cognizable claim for relief

under § 1983, Plaintiff's case is subject to summary dismissal.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the

above-captioned case without prejudice and without issuance of service of process. See Denton v.

Hernandez, 504 U.S. at 31; Neitzke v. Williams, 490 U.S. at 324–25; Todd v. Baskerville 712 F.2d

at 74.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

October 28, 2015
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).